IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON WAMBOLD, | : | |
| Plaintiff | : | |
| v. | : | CIVIL NO. 3:CV-14-2206 |
| DORINA VARNER, ET AL., | : | (Judge Conaboy) |
| Defendants | : | |

**MEMORANDUM**
**Background**

Jason Wambold (Plaintiff), an inmate presently confined at the Smithfield State Correctional Institution, Huntingdon, Pennsylvania (SCI-Smithfield), initiated this pro se civil rights action pursuant to 42 U.S.C. § 1983. Prior to service of either the Original or Amended Complaints, Wambold filed a second amended complaint (Doc. 9). Service of the Plaintiff's Second Amended Complaint was previously ordered.

Named as Defendants are Chief Grievance Officer Dorina Varner of the Pennsylvania Department of Corrections (DOC); and the following SCI-Smithfield officials: Superintendent Jon Fisher; Health Care Administrator William Dreidelis; Nurse Practitioner Lynn Gonzalez; Doctor Zimmerly; Sergeant Ricaback, and Nurse William Alman Shofer.[1] Plaintiff describes himself as suffering

1. Commonwealth Defendants' spellings of their names as being Michael Reulbach; William Dreibelbis, and William Altmanshofer will (continued...)

from scoliosis and degenerative disc disease. According to the Second Amended Complaint, he has also been diagnosed as having bipolar disease, anxiety, depression, and has a history of suicide attempts.

Wambold states that he reentered prison in 2012 following a parole violation. He was later transferred to a Restricted Housing Unit (RHU) presumably at SCI-Smithfield for multiple misconducts. While in the RHU for a two year period, Plaintiff was allegedly denied adequate mental health care as well as back pain treatment.

Specifically, Wambold contends that Defendant Gonzalez improperly stopped his pain medication, failed to provide him with requested medical testing, falsified his medical records and improperly charged him a five dollar co-payment for a sick call visit on October 18, 2013. It is also asserted that Gonzalez's action were taken in retaliation for the inmate's initiation of institutional grievances.

The Plaintiff next claims that Nurse Altmanshofer denied him mental health medication; provided him with the wrong medication on other occasions; and issued him a falsified misconduct report "out of retaliation." Doc. 9. ¶ 29. On November 6, 2013, Plaintiff states that he was held in a psychiatric observation cell following a suicide attempt when he was seen by Doctor Zimmerly for back pain. When Wambold refused a directive to

---

1. (...continued)
be accepted.

walk naked, Zimmerly purportedly became angry and walked away without providing any further care.

Wambold further asserts that on December 27, 2013 Sergeant Ricaback ignored his multiple claims of being suicidal. Later that same night, Plaintiff attempted suicide by cutting his wrist. The Second Amended Complaint seeks injunctive and declaratory relief as well as compensatory and nominal damages.

Presently pending is a motion for summary judgment filed by Defendants Fisher, Reulbach, Dreibelbis, and Altmanshofer (collectively the Commonwealth Defendants). See Doc. 27. The unopposed motion is ripe for consideration.

**Discussion**

Commonwealth Defendants assert that they are entitled to entry of summary judgment on the grounds that: (1) there are no allegations of personal involvement in unconstitutional acts set forth against Fisher, Varner and Dreibelbis; (2) Plaintiff failed to exhaust his administrative remedies; (3) a viable claim of deliberate indifference has not been alleged; (4) Plaintiff has not properly pled a claim of retaliation; (5) they are entitled to qualified immunity; and (6) declaratory relief is not available.

**Standard of Review**

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); See also Saldana v. Kmart Corp., 260 F.3d 228, 231-32 (3d

Cir. 2001). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. Id. at 248. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. Saldana, 260 F.3d at 232; see also Reeder v. Sybron Transition Corp., 142 F.R.D. 607, 609 (M.D. Pa. 1992). Unsubstantiated arguments made in briefs are not considered evidence of asserted facts. Versarge v. Township of Clinton, 984 F.2d 1359, 1370 (3d Cir. 1993).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. (internal quotations omitted); see also Saldana, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." Celotex, 477 U.S. at 322-23. "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must

amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'" Saldana, 260 F.3d at 232 (quoting Williams v. Borough of West Chester, 891 F.2d 458, 460-61 (3d Cir. 1989)).

**Declaratory Relief**

The Commonwealth Defendants argue in part that declaratory judgment relief[2] is inappropriate in the pending case since Plaintiff is seeking relief under § 1983. See Doc. 30, p. 22. In Travelers Ins. Co. v. Davis, 490 F.2d 536 (3d Cir. 1974), the Court of Appeals for the Third Circuit stated:

> The objectives of the Federal Declaratory Judgment Act are: '. . . to avoid accrual of avoidable damages to one not certain of his rights and to afford him an early adjudication without waiting until his adversary should see fit to begin suit, after damage had accrued.' An additional purpose is to clarify legal relationships before they have been disturbed or a party's rights violated. The granting of a declaratory judgment is discretionary and not mandatory.

Id. at 543 (quoting E. Edelman & Co. v. Triple-A Specialty Co., 88 F.2d 852, 854 (7th Cir. 1937)). Accord Witasick v. Heaphy, 425 Fed. Appx.137, 139 (3d Cir. 2011)("the purpose of the Act is to clarify legal relationships before damages have accrued or rights have been violated"). Based upon an application of those standards as well as Plaintiff's failure to oppose the summary judgment motion, he has failed to establish that the granting of declaratory

---

2. See 28 U.S.C. §§ 2201 and 2202.

judgment relief would be an appropriate exercise of this Court's discretion in this § 1983 action.

**Personal Involvement**

The second summary judgment argument asserts that there are no allegations of personal involvement in unconstitutional acts raised against Defendants Superintendent Fisher, Chief Grievance Officer Varner, and Health Care Administrator Dreibelbis. See Doc. 30, p. 10.

A plaintiff, in order to state an actionable civil rights claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Civil rights claims brought cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and

> acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

Superintendent Fisher, Chief Grievance Officer Varner, and Health Care Administrator Dreibelbis are clearly employed in supervisory capacities. Based upon a review of the Second Amended Complaint, this Court agrees with the Commonwealth Defendants' observation that there are no facts alleged pertaining to those three Defendants and there is no indication that they were involved in Wambold's medical care. Under the standards announced in Rode, Superintendent Fisher, Chief Grievance Officer Varner, and Health Care Administrator Dreibelbis are clearly entitled to entry of summary judgment since it appears that Plaintiff is attempting to establish liability against those officials solely on the basis of their respective supervisory capacities.

It is also possible that Plaintiff may be attempting to establish liability against Defendants Fisher, Varner, and Dreibelbis based upon their responses or non-response to administrative grievances or complaints. However, prisoners have no constitutionally protected right to a grievance procedure. See Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 137-38 (1977)(Burger, C.J., concurring) ("I do not suggest that the [grievance] procedures are constitutionally mandated."); Speight v. Sims, No. 08-2038, 2008 WL 2600723 at *1 (3d. Cir. Jun 30, 2008)(citing Massey v. Helman, 259 F.3d 641, 647 (7th Cir.

2001)("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner.")

While inmates do have a constitutional right to seek redress of their grievances from the government, that right is the right of access to the courts which is not compromised by the failure of prison officials to address an inmate's grievance. See Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) (federal grievance regulations providing for administrative remedy procedure do not create liberty interest in access to that procedure). Pursuant to those decisions, any attempt by Plaintiff to establish liability against Superintendent Fisher, Chief Grievance Officer Varner, and Health Care Administrator Dreibelbis based upon their handling of his administrative grievances or complaints does not support a constitutional claim. See also Alexander v. Gennarini, 144 Fed. Appx. 924, 925 (3d Cir. 2005)(involvement in post-incident grievance process not a basis for § 1983 liability); Pryor-El v. Kelly, 892 F. Supp. 261, 275 (D. D.C. 1995) (because prison grievance procedure does not confer any substantive constitutional rights upon prison inmates, the prison officials' failure to comply with grievance procedure is not actionable). Accordingly, the unopposed request for entry of summary judgment in favor of Superintendent Fisher, Chief Grievance Officer Varner, and Health Care Administrator Dreibelbis will be granted.

**Deliberate Indifference**

Commonwealth Defendants next argue that the claim that they

were deliberately indifferent to Plaintiff's medical needs "fails as a matter of law." Doc. 30, p. 16.

The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97 (1976)). In order to establish an Eighth Amendment medical claim, an inmate must allege acts or omissions by prison officials sufficiently harmful to evidence deliberate indifference to a serious medical need. See Spruill v. Gillis, 372 F.3d 218, 235-36 (3d Cir. 2004); Natale v. Camden Cty. Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003). In the context of medical care, the relevant inquiry is whether the defendant was: (1) deliberately indifferent (the subjective component) to (2) the plaintiff's serious medical needs (the objective component). Monmouth Cty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987); West v. Keve, 571 F.2d 158, 161 (3d Cir. 1979). Dental care has been recognized an important medical need of inmates. Petrazzoulo v. United States Marshals Service, 999 F. Supp 401, 407 (W.D.N.Y. 1998)

A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Mines v. Levi, 2009 WL 839011 *7 (E.D. Pa. March 26, 2009)(quoting Colburn, 946 F.2d at 1023); Monmouth Cty. Corr. Inst. Inmates, 834 F.2d at 347. "[I]f unnecessary and wanton infliction of pain results as a consequence of denial or delay in the

provision of adequate medical care, the medical need is of the serious nature contemplated by the Eighth Amendment." Young v. Kazmerski, 266 Fed. Appx. 191, 193 (3d Cir. 2008)(quoting Monmouth Cty. Corr. Inst. Inmates, 834 F.2d at 347). Based upon the Plaintiff's description of his mental and physical health problems this Court finds that the Second Amended Complaint satisfies the serious medical need threshold, at this juncture in the proceedings. It is also noted that there is no argument by the Commonwealth Defendants that the serious medical need requirement was not met.

With respect to the subjective deliberate indifference component, the Supreme Court has established that the proper analysis for deliberate indifference is whether a prison official "acted or failed to act despite his knowledge of a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 841 (1994). A complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment [as] medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.

When a prisoner has actually been provided with medical treatment, one cannot always conclude that, if such treatment was inadequate, it was no more than mere negligence. See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993). It is true, however, that if inadequate treatment results simply from an error in

medical judgment, there is no constitutional violation. See id. However, where a failure or delay in providing prescribed treatment is deliberate and motivated by non-medical factors, a constitutional claim may be presented. See id.; Ordonez v. Yost, 289 Fed. Appx. 553, 555 (3d Cir. 2008)("deliberate indifference is proven if necessary medical treatment is delayed for non-medical reasons."). The Court of Appeals for the Third Circuit in Durmer added that a non-physician defendant can not be considered deliberately indifferent for failing to respond to an inmate's medical complaints when he is already receiving treatment by the prison's medical staff. However, where a failure or delay in providing prescribed treatment is deliberate and motivated by non-medical factors, a constitutional claim may be presented. See id.

Superintendent Fisher, Chief Grievance Officer Varner, and Sergeant Reulbach are non-medical defendants. Second, this is not a situation where Plaintiff was not provided with needed medical attention. Rather, the Second Amended Complaint acknowledges that Wambold was under the care of the prison medical staff while at SCI-Smithfield and there is no assertion that any of those non-medical Defendant officials delayed or denied any prescribed treatment. Accordingly, under the standards announced in Durmer, granting of the unopposed request for entry of summary judgment in favor of SFisher, Varner and Reulbach is appropriate with respect to the claim of deliberate indifference to Plaintiff's health care needs.

With respect to medical Commonwealth Defendant Dreibelis, the Second Amended Complaint does not contend that said defendant was personally involved in Plaintiff's medical care or that the denied or delayed any needed treatment. As such, Dreibelis is also entitled to entry of summary judgment.

While the contention that Altmanshofer gave Wambold the wrong medication sounds in negligence and is constitutionally insufficient under Estelle, the claim that Nurse Altmanshofer intentionally denied Plaintiff prescribed medication is sufficient to set forth a viable claim of deliberate indifference. See Doc. 9, ¶ 30. The Commonwealth Defendants with the exception of Altmanshofer are entitled to entry of summary judgment on the deliberate indifference claim.

**Administrative Exhaustion**

The second argument for summary judgment contends that Plaintiff did not properly exhaust his administrative remedies with respect to the claims asserted against the Commonwealth Defendants. See Doc. 30, p. 11. Specifically, it is asserted that only one grievance pertaining to a Commonwealth Defendant, Nurse Altmanshofer, was appealed to final administrative review and said grievance was procedurally defaulted since the final administrative appeal was dismissed as being untimely. As previously noted, this argument is unopposed.

Section 1997e(a) of Title 42 U.S.C. provides:

> No action shall be brought with respect to prison conditions under Section 1979

> of the Revised Statutes of the United States (42 U.S.C. 1983), or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Section 1997e(a) requires administrative exhaustion "irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001); see also Porter v. Nussle, 534 U.S. 516, 529-532 (2002). The Third Circuit Court of Appeals in Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003), held that "[f]ailure to exhaust administrative remedies is an affirmative defense for the defendant to plead." See also Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002)(a prisoner does not have to allege in his complaint that he has exhausted administrative remedies). Rather, it is the burden of a defendant asserting the defense to plead and prove it; Williams v. Runyon, 130 F.3d 568, 573 (3d Cir. 1997).

Entry of summary judgment is appropriate when a prisoner litigant has failed to exhaust his available administrative remedies before bringing a civil rights action. See generally Ahmed v. Sromovski, 103 F. Supp. 2d 838, 843 (E.D. Pa. 2000). "[E]xhaustion must occur prior to filing suit, not while the suit is pending." Tribe v. Harvey, 248 F.3d 1152, 2000 WL 167468, *2 (6th Cir. 2000)(citing Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999)); Oriakhi v. United States, 165 Fed. Appx. 991, 993 (3d Cir. 2006).

The United States Supreme Court in Jones v. Bock, 127 S.Ct. 910, 923 (2007), stated that the primary purpose of the exhaustion requirement is to allow "a prison to address complaints about the

program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." Id. The administrative exhaustion mandate also implies a procedural default component. Spruill v. Gillis 372 F.3d 218, 222 (3d Cir. 2004).

As explained by the Third Circuit Court of Appeals, a procedural default rule "prevents an end-run around the exhaustion requirement." Id. at 230. It also ensures "prisoner compliance with the specific requirements of the grievance system" and encourages inmates to pursue their administrative grievances "to the fullest." Id. Similarly, the Supreme Court has observed that proper exhaustion of available administrative remedies is mandatory, meaning that prisoners must comply with the grievance system's procedural rules, including time limitations. Woodford v. Ngo, 548 U.S. 81 (2006).

A supporting declaration under penalty of perjury by Defendant Varner establishes that a Consolidated Inmate Grievance Review System has been established by the DOC.[3] See Doc. 29-1, ¶ 2. Section V of DC-ADM 804 (effective December 8, 2010) states that "every individual committed to its custody shall have access to a formal procedure through which to seek the resolution of problems or other issues of concern arising during the course of confinement." See Doc. 29, p. 8. It adds that the formal procedure shall be known

3. The DOC's grievance system has been periodically amended and a copy of the policy accompanies Varner's declaration.

as the Inmate Grievance System and provides a forum of review and two (2) avenues of appeal. Section VI ("Procedures") of DC-ADM 804 provides that, after attempted informal resolution of the problem, a written grievance may be submitted to the Facility Grievance Coordinator within fifteen (15) working days after the events upon which the claims are based, but allowances of extensions of time will be granted under certain circumstances.

An appeal from the Grievance Coordinator's Initial Review decision may be made in writing to the Facility Manager or Superintendent. A final written appeal may be presented within fifteen (15) working days to the Secretary’s Office of Inmate Grievances and Appeals (SOIGA). A prisoner, in seeking review through the DOC grievance system, may include reasonable requests for compensation or other legal relief normally available from a court. However, an improperly submitted grievance will not be reviewed.

Varner states that based upon a review of Inmate Wambold’s DOC grievance history Plaintiff never exhausted any grievance which included claims against Superintendent Fisher, Health Care Administrator Drebelbis, Sergeant Reulbach, or herself. See Doc. 29-1, ¶ 14. Moreover, the appeal of a grievance regarding alleged actions taken by Nurse Altmanshofer was dismissed as untimely and therefore not properly exhausted. See id. at ¶ 15. Furthermore, Plaintiff failed to pursue a final administrative appeal regarding multiple other grievances which he filed against the Commonwealth Defendants.

The Commonwealth Defendants have also provided a declaration under penalty of perjury by SCI-Smithfield Superintendent's Assistant Lisa Hollibaugh. See Doc. 29-2. The declarant states that her duties at SCI-Smithfield include the racking, review and recording of all inmate grievances. Hollibaugh similarly acknowledges that Plaintiff filed a number of grievances some of which regard the claims presently before this Court. However, Hollibaugh indicates that none of the claims asserted against the Commonwealth Defendants in this action were fully and properly exhausted. Also submitted for consideration are copies of various grievances and administrative appeals filed by Plaintiff at SCI-Smithfield.

As previously discussed, Plaintiff has not opposed the pending motion for summary judgment. Based upon the undisputed evidence the Commonwealth Defendants have satisfied their burden of establishing that Wambold did not fully and properly exhaust his administrative remedies with respect to his pending claims. Accordingly, entry of summary judgment on the basis of non-exhaustion is appropriate.

**Retaliation**

Plaintiff alleges that Altmanshofer retaliated against him by issuing a falsified a misconduct charge and intentionally denying him prescribed medication. The summary judgment motion argues that those allegations of retaliatory mistreatment fail because there is no evidence showing that Wambold was given wrong medication or that

the misconduct charge was false. It is again noted that Plaintiff has not opposed this argument.

To establish a Section 1983 retaliation claim, a plaintiff bears the burden of satisfying three (3) elements. First, a plaintiff must prove that he was engaged in a constitutionally protected activity. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). Second, a prisoner must demonstrate that he "suffered some 'adverse action' at the hands of prison officials." (Id.)(quoting Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000)). This requirement is satisfied by showing adverse action "sufficient 'to deter a person of ordinary firmness' from exercising his First Amendment rights." (Id.)(quoting Suppon v. Dadonna, 203 F.3d 228, 235 (3d Cir. 2000)). Third, a prisoner must prove that "his constitutionally protected conduct was 'a substantial or motivating factor' in the decision to discipline him." Rauser, 241 F.3d at 333-34(quoting Mount Health Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977)).

The mere fact that an adverse action occurs after either a complaint or grievance is filed is relevant, but not dispositive, for the purpose of establishing a causal link between the two events. See Lape v. Pennsylvania, 157 Fed. App'x. 491, 498 (3d Cir. 2005). Only where the facts of a particular case are "unusually suggestive" of a retaliatory motive will temporal proximity, standing alone, support an inference of causation. Krouse v. American Sterlizer Co., 126 F.3d 494, 503 (3d Cir. 1997).

Once a plaintiff has made a prima facie case, the burden shifts to defendants to prove by a preponderance of the evidence that they "would have made the same decision absent the protected conduct for reasons reasonably related to penological interest." Carter v. McGrady, 292 F.3d 152, 158 (3d. Cir. 2002)(internal quotation and citation omitted). When analyzing a retaliation claim, it must be recognized that the task of prison administrators and staff is difficult, and the decisions of prison officials require deference, particularly where prison security is concerned. Rauser, 241 F.3d at 334.

As noted in Allah, a prisoner litigating a retaliation claim need not prove that he had an independent liberty interest in the privileges that he was denied. Thus, the relevant inquiry is not whether the alleged retaliatory conduct was unconstitutional. On the contrary, Plaintiff only needs to establish that he was subjected to adverse action in retaliation for his engagement in constitutionally protected conduct.

Based on those factors and Plaintiff's failure to oppose this argument, it is clear that Plaintiff's vague contention of retaliation by Altmanshofer is not supported any facts which could establish that his exercise of a constitutionally protected right was a substantial or motivating factor behind the alleged acts of retaliation as required by Rauser. Therefore, entry of summary

judgment is also appropriate with respect to the claim of retaliation against Altmanshofer. An appropriate Order will enter.[4]

S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: SEPTEMBER 8, 2016

4. Based upon the Court's determinations herein a discussion as to the merits of the qualified immunity argument is not required.