# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON WAMBOLD, : | |
| Plaintiff : | |
| v. : | CIVIL ACTION NO. 3:14-2206 |
| DORINA VARNER, et al., : | (JUDGE MANNION)[1] |
| Defendants : | |

## MEMORANDUM

## I. Background

Jason Wambold (Plaintiff), initiated this pro se civil rights action pursuant to 42 U.S.C. §1983 regarding his confinement at the Smithfield State Correctional Institution, Huntingdon, Pennsylvania (SCI-Smithfield). Plaintiff's surviving claims allege that remaining Defendants Nurse Practitioner Lynn Gonzalez and Doctor Zimmerly were deliberately indifferent to his medical needs.

On March 3, 2015, the United States Marshal filed a return of service stating that Zimmerly and Gonzalez could not be served as these individuals were no longer employed at SCI-Smithfield. (See Doc. 15).

By Order dated December 10, 2018, the Plaintiff was directed to provide current addresses for remaining Defendants Zimmerly and Gonzalez or show good cause why the claims against them should not be dismissed for failure to effect service, by January 7, 2019. (See Doc. 35). The Plaintiff was forewarned that failure to timely respond to the Order would result in dismissal with prejudice of the remaining claims. Id. at p. 3. As of the date of this

---

1. This matter was reassigned to the undersigned on November 14, 2018.

1

Memorandum, Plaintiff has yet to either provide the Court with current addresses for the two remaining Defendants or otherwise respond to the Order. For the reasons set forth below, the Court will dismiss the Plaintiff's action.

## II. Discussion

When there has been a failure to timely serve a complaint upon a defendant within 120 days after the complaint is filed, Federal Rule of Civil Procedure 4(m), allows a court, after giving the Plaintiff appropriate notice, to dismiss the complaint for failure to comply with Rule 4(m) and for failure to prosecute under Federal Rule of Civil Procedure 41(b). Liu v. Oriental Buffett, 134 Fed. Appx. 544, 546-7 (3d Cir. 2005); Gebhardt v. Borough of Island Heights, 2007 WL 4355465 *1 (D.N.J. Dec. 7, 2007).

The district court in Gebhardt, relying on Rule 4(m) stated that when there has been a failure to serve, the court should give notice to the Plaintiff that his action will be dismissed unless he or she can establish good cause for the failure or that service was timely effected. (See id.)

This Court's Order of December 10, 2018, gave Plaintiff adequate notice of its intention to dismiss the claims against the two remaining Defendants, based on lack of service under Rule 4(m) and an opportunity to respond. Although the time granted to Wambold by this Court's Order has expired, Plaintiff has neither submitted a response nor requested additional time in which to do so. The record also contains no indication that Wambold has made any effort whatsoever to ascertain the whereabouts of either of the two remaining Defendants.

Based upon an application of the standards announced in Liu and Gebhardt, and especially noting that although this matter has been pending since November 2014, the current addresses for the remaining

Defendants have not been provided to this Court and is still apparently unknown, the dismissal of this action for failure to effect service on remaining Defendants Zimmerly and Gonzalez is warranted under Rule 4(m). See Sykes v. Blockbuster Video, 205 Fed. Appx. 961, 963 (3d Cir. 2006); Balac v. Osborn, 2009 WL 3242131 *1 (D.N.J. Oct. 6, 2009). An appropriate Order will enter.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: January 15, 2019**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-2206-01.wpd